OSCAR F. LEE *vs.* AMANDA M. F. BRAYTON.

Claims for "loss of time" and for "delay, risk and inconvenience" to contract work are neither for work nor for materials and are not subjects for a mechanic's lien.

A building contract was accompanied by specifications and these mentioned blasting. The contract provided that no claim should be made for extra work except on certain conditions.

*Held*, that the blasting mentioned in the specifications was contract work not extra work, though the amount to be paid for it was not included in the contract price.

PETITION for a mechanic's lien.

*February* 25, 1893. PER CURIAM. This is a petition for a mechanic's lien. The petitioner entered into a written contract, dated June 20, 1891, by which he agreed to do the mason work for the respondent in building a house and barn for $2,135, payable in installments at various stages of the

work, the last $235, sixty-two days after the completion of the work. Accompanying the contract were plans and specifications particularly setting forth the work to be done and the material to be furnished by the contractor and also providing for certain things to be done by the owner, or at her expense, in addition to the sum named as the contract price. These specifications provided that the contractor should excavate for the cellar the whole area to be covered by the house to a required depth and that the excavation should be a certain number of inches larger all around than the outside walls of the cellar. The specifications also provided that drains should be excavated outside of the cellar to a depth sufficient to take the drainage from the cellar, and also for the laying of two lines of agricultural tiles lengthwise of the cellar to connect with the drain under the cellar walls. The specifications also provided that all blasting of rock should be paid for by the owner.

The buildings have been erected and the respondent has been in the occupation of them for a considerable period, but has never paid the last installment under the contract, though the time fixed for payment has long since passed, nor for the blasting, nor for building a catch basin and other work and materials charged in the account.

The respondent concedes that the petitioner is entitled to a lien for the $235, the last installment of the contract price, but contends that the blasting of rock and the other items charged in the account for labor and materials were extra work and, therefore, that the petitioner is not entitled to a lien therefor, because clause 13 of the contract provides that no claim shall be made for extra work, unless the same shall have been done in fulfillment of a written order from the architect, and all such claims shall be made in writing to the architect and if allowed by him shall be approved and endorsed on the contract after the next ensuing payment, and that no such endorsement appears on the contract.

We are of the opinion that the blasting of rock being particularly mentioned in the specifications accompanying the contract, is to be regarded as work done under the contract,

and not as extra work within the meaning of clause 13. It was work provided for in the contract and necessary for the completion of the house in accordance with it, since the drains mentioned in the specifications could not be excavated without the blasting and removal of the rock. It is true that the amount to be paid for it was extra, outside of, or in addition to the price to be paid for the other work; doubtless, because it could not be known until the excavation had been made how much blasting was necessary, or how expensive it would be; and, therefore, no estimate of its cost could be made beforehand; but the fact that the cost of it was thus left indeterminate, and was to be paid in addition to the price for the other work, did not render it extra work, for, as we have said, the written contract provided by necessary implication that it should be done.

We find no mention of the catch-basin in the contract or specifications, nor is it delineated on the plans. We think, therefore, that it must be regarded as extra work, and that as such, it is within the 13th clause of the contract, stated above, and that being within that clause, the petitioner can claim no lien for it, unless there has been a compliance with the requirements of that clause, which does not appear.

The same remarks are applicable to the other items in the account for work and materials furnished.

The two items, "loss of time for men, $20.26; delay, risk and inconvenience to contract work, $118.37," are neither for work nor materials, and, hence, are not subjects of a mechanic's lien.

*Warren R. Perce,* for petitioner.
*Francis Colwell & Samuel Norris, Jun.,* for respondent.